[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 1, 1995, William P. Farrell, Jr., a certified public CT Page 6982 accountant (CPA), entered into a contract with Lemieux Zahorsky, L.L.C. (L Z), and Lawrence Lemieux and David Zahorsky, principals of L Z, whereby L Z would purchase Farrell's accounting practice including Farrell's client list. Under the contract, Farrell was to receive 25 percent of the gross monthly fees received by L Z from certain of Farrell's former clients. Farrell received an advance of $25,000 at the closing for the anticipated fees. Paragraph 5 of the contract contained a restrictive covenant whereby Farrell was precluded from contacting any of the clients on the list that he sold to L Z for a period of five years. In addition, paragraph 16(g) of the contract provided that "[a]ny controversy or claim arising out of or relative to this agreement, or the breach thereof, shall be submitted to arbitration, subject to the American Arbitration Association with venue for all proceedings to be held in Fairfield County, Connecticut."
A dispute arose among the parties and the matter was sent to arbitration. Farrell claimed that L Z breached the contract by (1) failing to provide him with monthly written statements of payments; and (2) failing to exercise their best efforts to retain Farrell's client base. Farrell also claimed that L Z had violated the Connecticut Unfair Trade Practices Act (CUTPA). In response, L Z filed a counterclaim alleging that Farrell breached the contract by violating the restrictive covenant contained in paragraph 5 of the contract.
After two days of hearings on the matter, the arbitrator rendered his decision on June 3, 1996. The arbitrator found for L Z on all of Farrell's claims and found that Farrell had violated the restrictive covenant clause of the contract. Therefore, he found for L Z "on that portion of their counterclaim seeking rescission of the contract as a result of the material breach by [Farrell]." (Arbitrator's Decision, p. 8.) The arbitrator found, however, that L Z had retained Farrell's client files, and that "retention of those files gives rise to an implied promise to pay for their value, even though [Farrell] breached the restrictive covenant as to other clients." (Decision, p. 8.) In order to prevent "unjust enrichment" to L Z for retaining the files, the arbitrator awarded Farrell $46,500.
L Z and Lawrence Lemieux[1] have moved to vacate the arbitrator's award on the ground that it is an "egregious or patently irrational [mis]application of the law." (Citation CT Page 6983 omitted; internal quotation marks omitted.) (Respondent's Memorandum, p. 4.) They argue that the arbitrator's finding that Farrell materially breached the contract is inconsistent with his award of $46,500 to Farrell. Accordingly, they seek vacation of the arbitrator's award. Farrell has moved to confirm the arbitrator's award.
The standard of review of an arbitrator's decision by the Superior Court is extremely limited. General Statutes § 52-418(a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
In this case, it is clear that the arbitrator's decision purporting to rescind the contract is inconsistent from his decision to allow L Z to retain Farrell's client files, even though he awarded Farrell damages for the value of the files retained by L Z. "`The very idea of rescinding a contract implies that what has been parted with shall be restored on both sides, and hence the general rule, which is to be reasonably applied . . . is that a party who wishes to rescind a contract must place the opposite party in status quo.'" Metcalfe v.Talarski, 213 Conn. 145, 153, 567 A.2d 1148 (1989), quoting 17 Am.Jur.2d, Contracts § 512, p. 994. Thus, the arbitrator could not rescind the contract and yet allow L Z to retain the client files and Farrell to retain the $25,000 advance for fees. Because the arbitrator's decision is contrary to the law, the court herewith denies Farrell's application to confirm the award and grants L Z's cross-motion to vacate the award.
Grogins, J.